**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|   |   |
|---|---|
| AKUMA-EZE: AKUMA,     : | |
| : | Civil Action No. |
| Plaintiff,    : | 08-3697(NLH) |
| : | |
| v.    : | **OPINION** |
| : | |
| U.S. BANK, N.C., UDREN LAW   : | |
| OFFICE, SHERIFF CHARLES H.   : | |
| BILLINGHAM,    : | |
| : | |
| Defendants.    : | |

**APPEARANCES:**

AKUMA-EZE: AKUMA
HOLLY HALL D
ANCORA PSYCHIATRIC HOSPITAL
301 SPRING GARDEN ROAD
ANCORA, NJ 08037
*Pro Se Plaintiff*

SALVATORE CAROLLO
UDREN LAW OFFICES P.C.
WOODCREST CORPORATE CENTER
111 WOODCREST ROAD
SUITE 200
CHERRY HILL, NJ 08003
*Attorney for Defendant U.S. Bank, NC*

Plaintiff, Akuma-Eze: Akuma, filed a "writ of injunction (ex parte)" against defendants.  Defendant U.S. Bank, NC ("U.S. Bank" or "Bank") filed a "reply" to plaintiff's "motion" for ex parte writ of injunction.  In his writ, plaintiff alleges that his home was sold at a sheriff's sale in violation of his constitutional rights.

**I.  BACKGROUND**

Plaintiff currently resides at the Ancora Psychiatric

Hospital[1] and is proceeding pro se in this matter.  Although plaintiff's "writ of injunction" is not clear as to the allegations that plaintiff is making or the relief that he seeks, the Court construes plaintiff's filing as a complaint seeking injunctive relief.  See Estelle v. Gamble, 429 U.S. 97, 107 (1976) ("[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.").  Plaintiff appears to raise several claims: (1) that defendants did not provide plaintiff with notice and opportunity to be heard; (2) that defendants lack standing to sell his home; (3) that defendants violated his due process rights; (4) that defendants are in collusion; (5) that defendants have "unclean hands;" and (6) that defendants violated his right to guarantees of equal protection.

## II.  DISCUSSION

Plaintiff appears to seek an Order enjoining defendants from either foreclosing or selling his home at a sheriff's sale. In its reply, U.S. Bank states that plaintiff resided at certain real property identified as 4619 Roosevelt Avenue, Pennsauken, NJ which property was the subject of a mortgage foreclosure action filed in the Superior Court of New Jersey, Chancery Division, Camden County, as U.S. Bank, N.A. v. Akuma E. Akuma, et al., No. F-5223-07.  U.S. Bank alleges that plaintiff defaulted on his

---

[1] Plaintiff states that he has been "unlawfully imprisoned."  It is unclear whether plaintiff has been involuntary committed to the psychiatric hospital.

mortgage and that a judgment in foreclosure was entered on June 3, 2008. The Bank states that the property was sold back to U.S. Bank at sheriff's sale on July 30, 2008, and that on the next day, July 31, 2008, the Bank was served with plaintiff's pleading.

U.S. Bank argues that the Rooker-Feldman doctrine bars this Court from exercising jurisdiction over this case. Although filed as a "reply," the Bank appears to move this Court to dismiss this case for lack of subject matter jurisdiction.[2] If the subject matter jurisdiction of the Court is challenged, the plaintiff bears the burden of persuasion. See Hedges v. U.S., 404 F.3d 744, 750 (3d Cir. 2005) (citing Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991)). In addition, "... the district court may not presume the truthfulness of plaintiff's allegations, but rather must 'evaluat[e] for itself the merits of [the] jurisdictional claims.'" Id. (citing Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977)).

### A.  Rooker-Feldman Doctrine

The Rooker-Feldman abstention doctrine bars lower federal courts from exercising jurisdiction over a case that is

---

[2] The filing of the Bank's "reply" to a "motion" is procedurally irregular in that plaintiff never filed a motion and the reply reads more like a motion to dismiss. The Court, however, recognizes the inartful pleading by plaintiff in filing his "writ," and since the Bank has raised a jurisdictional challenge, will address it on the merits.

the functional equivalent of an appeal from a state court judgment. Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Ct. of Appeals v. Feldman, 460 U.S. 462 (1983); FOCUS v. Allegheny County Ct. of Common Pleas, 75 F.3d 834, 840 (3d Cir. 1996); see also Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 291-92 (2005) (explaining that in the Rooker and Feldman cases, plaintiffs in both cases, alleging federal-question jurisdiction, called upon the district court to overturn an injurious state-court judgment, but because § 1257, as long interpreted, vests authority to review a state court's judgment solely in the Supreme Court, the District Courts in Rooker and Feldman lacked subject-matter jurisdiction).

"A case is the functional equivalent of an appeal from a state court judgment in two instances: (1) when the claim was actually litigated before the state court; or (2) when the claim is inextricably intertwined with the state adjudication." Marran v. Marran, 376 F.3d 143, 149 (3d Cir. 2004) (commenting that almost any claim that is actually litigated will also meet the inextricably intertwined test)(citing ITT Corporation v. Intelnet International Corporation, 366 F.3d 205, 210 (3d Cir. 2004)). "A claim is inextricably intertwined with the state court adjudication when 'federal relief can only be predicated upon a conviction that the state court was wrong.'" Id. at 150 (citing Parkview Assoc. v. City of Lebanon, 225 F.3d 321, 325 (3d Cir. 2000)). The Rooker-Feldman doctrine is to be interpreted

narrowly and excludes only those matters that would require review of a state court judgment.  See Lance v. Dennis, 546 U.S. 459, 464 (2006) (explaining that Rooker-Feldman is "a narrow doctrine," confined to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.").

Here, plaintiff's foreclosure action was actually litigated in state court, and to the extent that the relief requested by plaintiff seeks to have this Court review that proceeding, this Court does not have jurisdiction.  See Marran, 376 F.3d at 149.  As for plaintiff's federal claims for due process and equal protection violations, assuming they could have been raised in the state court action, it appears that the claims would be "inextricably intertwined" with the state court action to the extent that plaintiff is requesting that this Court overturn the judgment in foreclosure due to lack of notice.  Id.; see also Rosenfeld v. Egy, No. 01-10730, 2003 WL 222119, at *5 (D.Mass. 2003) (finding that court lacked jurisdiction under Rooker-Feldman where plaintiff did not present federal claim in state court and that claim was inextricably intertwined with the state court judgment because claim was based on argument that the state court should not have issued a restraining order).[3]  It has

---

[3]  If the federal claims were litigated in state court, they might be barred under the doctrine of res judicata.  See Saferstein v. Lawyers' Fund for Client Protection, 223 Fed.Appx.

also not been stated whether an appeal of the state court decision has been filed.[4]

Based on the pleading filed by the plaintiff, it appears that the Rooker-Feldman doctrine bars this Court from exercising jurisdiction over plaintiff's claims.

**B.  Injunctive Relief**

If plaintiff is seeking to enjoin the sheriff from conducting a sheriff's sale of his property, this claim is moot.

---

39 (2nd Cir. 2007) (finding plaintiff's claims litigated in state court barred by res judicata and not the Rooker-Feldman doctrine).

[4]  If an appeal has been filed and the state court action is pending, the Younger abstention doctrine may apply.  "Under the doctrine of Younger abstention, federal courts are prevented from enjoining pending state proceedings absent extraordinary circumstances." Gray v. Pagano, 287 Fed.Appx. 155, 157 (3d Cir. 2008) (citing Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 437 (1982)).  In Gray, the Third Circuit affirmed the district court's dismissal of plaintiffs' complaint for lack of subject matter jurisdiction where an action in mortgage foreclosure was filed in Pennsylvania state court, default judgment was entered, and the state court judge entered an order to remove plaintiffs from ownership of the property. Id.  A sheriff's sale was also scheduled. Id.  The Grays filed a complaint in federal district court requesting a declaration that the state court judge was not authorized to nullify transfer of title to them, and an order enjoining Sheriff McGinn from conducting the sheriff's sale.  The Third Circuit affirmed the decision but based its reasoning on the Younger abstention doctrine rather than Rooker-Feldman. Id. (providing that abstention may be raised by the court sua sponte, citing O'Neill v. City of Phila., 32 F.3d 785, 786 n. 1 (3d Cir. 1994)).  The Third Circuit found that the three requirements to properly invoke Younger abstention had been met: (1) that there are ongoing state proceedings that are judicial in nature; (2) that the state proceedings implicate important state interests; and (3) that the state proceedings afford an adequate opportunity to raise federal claims. Id. (citing Schall v. Joyce, 885 F.2d 101, 106 (3d Cir. 1989)).

See Gray v. Pagano, 287 Fed.Appx. 155, 158 (3d Cir. 2008).  The sheriff's sale was conducted almost five months ago and plaintiff appears to request no other injunctive relief.  Id. (finding plaintiffs' claim to enjoin the sheriff and/or sheriff's department from conducting a sheriff sale to be moot because it was eight months past the scheduled sale of the property and plaintiffs requested no other form of relief).  Therefore, no case or controversy exists as the basis for invoking subject matter jurisdiction under Article III of the Federal Constitution.  Id. (citing Rendell v. Rumsfeld, 484 F.3d 236, 240-41 (3d Cir. 2007)).

### III.  CONCLUSION

For the foregoing reasons, plaintiff's "complaint" is dismissed without prejudice and leave will be granted to permit plaintiff to file an amended complaint within 45 days alleging a proper basis for subject matter jurisdiction.[5]

                                                s/Noel L. Hillman
                                           NOEL L. HILLMAN, U.S.D.J.
At Camden, New Jersey

---

[5] Since plaintiff is proceeding pro se in this matter and currently resides in a psychiatric hospital, we grant leave to amend.  We also note that plaintiff paid the $350.00 filing fee to commence this action.